## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROYAL ABODE, LLC, | Civil Action No.: |
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| v. | |
| HARTFORD UNDERWRITERS INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff, Royal Abode, LLC ("Plaintiff"), by and through its attorneys, by way of Complaint against Defendant, Hartford Underwriters Insurance Company ("Hartford" or "Defendant"), avers as follows:

### Parties

1. Plaintiff is a Limited Liability Company under the laws of the State of Ohio with its members being residents of the State of Ohio.

2. Upon information and belief, Defendant is an insurance company incorporated and having its principal place of business in the State of Connecticut.

### Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1332 because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because it is where a substantial part of the property that is the subject of the action is situated.

### Facts Common To All Counts

5. At all times relevant hereto, Plaintiff owned the property commonly known as 3033 Navarre Rd. SW, Canton, OH 44706 (the "Property" or "insured premises").

6. The insured premises is a commercial property containing an approximately 45,000 sq. ft. warehouse.

7. Plaintiff was insured through a Business Owner's Policy of insurance issued by Defendant, which was effective 8/4/21 to 8/4/22, and which covered the insured premises at all times relevant hereto (the "Policy").

8. All premiums on the Policy were paid, and the Policy was in full force and effect at all relevant times herein.

9. The Policy provided insurance coverage for, *inter alia*, direct physical loss of or damage to the building on the insured premises.

10. On or about August 11, 2021, a severe thunderstorm with wind gusts up to 60 mph impacted the insured premises.

11. The building on the insured premises sustained damage from the windstorm, which included, but is not limited to, tears in the roofing membrane, insulation bulging and interior water penetration.

12. Plaintiff promptly submitted an insurance claim to Defendant for the damage to its property caused by the windstorm.

13. Defendant assigned a claim number to Plaintiff's claim.

14. Defendant sent an adjuster to evaluate the damage to Plaintiff's property associated with the claim.

15. Defendant retained an engineer to evaluate the cause and extent of the loss.

16. By correspondence dated March 24, 2022, Defendant denied coverage for Plaintiff's claim from the windstorm on or about August 11, 2021.

17. Defendant's denial of coverage for Plaintiff's claim was improper because it contended, without any factual basis, that Plaintiff's damages existed prior to the Policy's inception date and/or were caused by excluded wear and tear.

18. Plaintiff sought professional help to determine the amounts owed under the Policy because it disagreed with Defendant's determination as to the payment for its claim.

19. Plaintiff has cooperated with Defendant and has complied with all post-loss obligations listed in the Policy.

20. Plaintiff has done and performed all those matters and things properly and reasonably required and requested of it under the Policy.

21. Defendant has failed and refused to promptly and properly adjust Plaintiff's losses for its insurance claim relative to the windstorm at the insured premises on or about August 11, 2021.

**Count One**
**(Breach of Contract)**

22. Plaintiff incorporates by reference the allegations set forth in the previous paragraphs as if set forth in full herein.

23. Plaintiff and Defendant entered into an insurance contract whereby Defendant promised to pay for covered losses to Plaintiff's property.

24. Plaintiff's property sustained covered losses under the Policy from the windstorm at the insured premises on or about August 11, 2021.

25. Plaintiff has demanded payment from Defendant for the covered losses pursuant to the terms of the Policy.

26. Defendant has failed and refused to pay insurance proceeds to Plaintiff for the covered losses as required under the Policy.

27. Defendant's failure to pay insurance proceeds to Plaintiff for the covered losses from the windstorm at the insured premises on or about August 11, 2021 is a breach of the express terms of the contract.

28. As a result of Defendant's breach of the insurance contract, Plaintiff has suffered and continues to suffer damages in excess of $650,000.

WHEREFORE, Plaintiff demands judgment against Defendant on Count One of the Complaint for:

(a) Compensatory damages;

(b) Pre-judgment interest and post-judgment interest;

(c) Costs of suit; and

(d) For such other relief as the Court may deem equitable and just.

### Jury Demand

Plaintiff hereby demands a trial by jury on all Counts of the Complaint.

    /s/ Justin Stevenson, Esq.
Justin Stevenson, Esq.
justin@bowerstevenson.com
**BOWER STEVENSON, LLC**
2515 Jay Avenue, Suite 101
Cleveland, OH 44113
Tel.: (216) 600-8169
*Attorneys for Plaintiff,*
*Royal Abode, LLC*

Date: August 9, 2022