# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROYAL ABODE, LLC, | ) |
| Plaintiff, | ) Case No. 5:22-cv-01486-JRA |
| | ) Hon. Judge John R. Adams |
| v. | ) |
| | ) Magistrate Judge Carmen E. Henderson |
| HARTFORD UNDERWRITERS INSURANCE COMPANY, | ) |
| | ) JURY DEMAND ENDORSED HEREON |
| Defendant. | ) |

## DEFENDANT HARTFORD UNDERWRITERS INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Hartford Underwriters Insurance Company ("Hartford"), for its answer to the Complaint And Jury Demand (the "Complaint") of plaintiff Royal Abode, LLC ("Royal Abode"):

### Parties

1. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 1, and therefore denies the same.

2. States it is a Connecticut corporation with a principal place of business in the state of Connecticut that from time to time engages in the business of insurance in a variety of states where it is authorized to do so, including the state of Ohio, and denies any remaining allegations contained in Paragraph 2.

### Jurisdiction and Venue

3. States Paragraph 3 contains legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, states that it does not contest diversity jurisdiction.

4. States Paragraph 4 contains legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, states it does not contest venue in this matter.

**Facts Common To All Counts**

5. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 5, and therefore denies the same.

6. States that the allegations contained in Paragraph 6 are consistent with information provided to Hartford, and answering further, states it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 6, and therefore denies the same.

7. States that effective August 4, 2021, Hartford issued a one-year Business Owner's insurance policy to Royal Abode, Policy No. 45 SBA AM7NH4 (the "Policy"); states the Policy, together with all applicable declarations, exclusions, and endorsements, speaks for itself, and denies any allegations inconsistent with its contents; and denies any remaining allegations contained in Paragraph 7.

8. Denies the allegations in Paragraph 8.

9. States that the Policy, together with all applicable declarations, exclusions, and endorsements, speaks for itself and denies any allegations inconsistent with its contents; and denies any remaining allegations contained in Paragraph 9

10. Denies the allegations contained in Paragraph 10.

11. Denies the allegations contained in Paragraph 11.

12. States that on October 15, 2021, Royal Abode, through a public adjuster, submitted an insurance claim to Hartford for certain damages it claimed were caused by a

weather-related event on or about August 11, 2021; denies plaintiff "promptly" submitted the insurance claim; and denies any remaining allegations contained in Paragraph 12.

13. Admits the allegations contained in Paragraph 13.

14. Admits the allegations contained in Paragraph 14.

15. Admits the allegations contained in Paragraph 15.

16. States that on or about March 24, 2022, Hartford denied the claim via letter to Royal Abode, which letter speaks for itself; denies any allegations inconsistent with its contents; and denies any remaining allegations contained in Paragraph 16.

17. Denies the allegations contained in Paragraph 17.

18. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 18, and therefore denies the same.

19. Denies the allegations contained in Paragraph 19.

20. Denies the allegations contained in Paragraph 20.

21. Denies the allegations contained in Paragraph 21.

## Count One
(Breach of Contract)

22. For its answer to Paragraph 22, Hartford realleges and restates, as if fully set forth herein, its answer to Paragraphs 1-21, above.

23. States it issued the Policy; states the Policy, together with all applicable declarations, exclusions, and endorsements, speaks for itself, and denies any allegations inconsistent with its contents; and denies any remaining allegations contained in Paragraph 23.

24. Denies the allegations contained in Paragraph 24.

25. States that Royal Abode has demanded Hartford indemnify Royal Abode for its reported loss; denies plaintiff is entitled to the demanded relief; and denies any remaining allegations contained in Paragraph 25.

26. States that it properly denied coverage for plaintiff's claim pursuant to the applicable terms of the Policy; denies any implicit or explicit allegation in Paragraph 26 that plaintiff was entitled to payment on the claim; states that Hartford has not paid any monies to plaintiff in connection with the claim; and denies any remaining allegations contained in Paragraph 26.

27. Denies the allegations contained in Paragraph 27.

28. Denies the allegations contained in Paragraph 28.

29. Denies each and every remaining allegation contained in the Complaint, including, but not limited to, any and all allegations in the headers and/or prayer for relief, not otherwise expressly admitted herein to be true.

## FIRST DEFENSE

30. The complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

31. Hartford incorporates by reference, as if fully set forth herein, the terms and conditions of the relevant insurance policy, Policy No. 45 SBA AM7NH4, together with all applicable declarations, limits, terms, conditions, endorsements, and exclusions of the Policy, and any other relevant policy applicable to any claim asserted by Plaintiff.

**THIRD DEFENSE**

32. Plaintiff's alleged damages occurred prior to the effective date of the Policy, do not represent an occurrence under the Policy, and are therefore not covered losses under the Policy.

**FOURTH DEFENSE**

33. Plaintiff's alleged damages were the result of normal wear and tear and are not covered losses under the terms of the Policy.

**FIFTH DEFENSE**

34. Plaintiff failed to mitigate its alleged damages.

**SIXTH DEFENSE**

35. Hartford incorporates, as if fully set forth herein, the contents of its January 12, 2022 and its March 24, 2022 correspondence to plaintiff, as if fully set forth herein, and Hartford is entitled to a declaration that no coverage is afforded under the Policy under the facts and circumstances presented, including, inter alia, for the reasons set forth therein.

**SEVENTH DEFENSE**

36. Plaintiff's claims may be barred or limited, in whole or in part, to the extent that plaintiff failed to perform its obligations under the Policy.

**EIGHTH DEFENSE**

37. In the alternative, plaintiff's claimed damages exceed the reasonable cost of repair or replacement, and/or are disproportionate to the claimed covered loss actually sustained within the Policy period.

## NINTH DEFENSE

38. In the alternative, plaintiff is only entitled to actual cash value, and not replacement costs value, unless and until repairs are performed; upon information and belief, plaintiff has not had the work in question performed.

## TENTH DEFENSE

39. Plaintiff failed to accurately respond to answers in the Policy application relative to roof history, and had a further duty of disclosure with respect to alleged roof issues when asked by Hartford personnel to obtain and provide additional roof-related information and reports in August and September 2021 as part of the underwriting process. Instead of timely and accurately providing the requested information, and/or disclosing the existence of alleged storm-related damage from August 11, 2021, plaintiff waited until after Hartford issued and then withdrew a notice of cancellation to belatedly disclose the existence of alleged August 11, 2021 roof damage for the first time on October 15, 2021. To the extent to be further discovered, plaintiff's course of conduct may operate to void or vitiate coverage for the claimed loss event.

## ELEVENTH DEFENSE

40. Hartford reserves the right to add to, alter, or otherwise amend the foregoing affirmative defenses as ongoing proceedings reveal to be appropriate.

WHEREFORE, having fully answered the Complaint, Hartford respectfully requests that the same be dismissed with prejudice as to it, that it be awarded its costs and fees, and that the Court award it such other and additional relief and/or declarations as the Court deems just and equitable.

Respectfully submitted,

*/s/ Katheryn M. Lloyd*
Katheryn M. Lloyd, Esq. (0075610)
Tadd L. Minton, Esq. (0100254)
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
lloyd@carpenterlipps.com
minton@carpenterlipps.com

*Attorneys for Defendant Hartford Underwriters Insurance Company*

**JURY DEMAND**

Defendant Hartford Underwriters Insurance Company respectfully demands a jury of the maximum number allowable by law on all issues so triable.

>*/s/ Katheryn M. Lloyd*
>*One of the Attorneys for Defendant*
>*Hartford Underwriters Insurance Company*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Defendant Hartford Underwriters Insurance Company's Answer And Affirmative Defenses To Plaintiff's Complaint was uploaded to the Court's electronic filing system this 16th day of September, 2022, which will cause service upon:

>Justin Stevenson, Esq.
>Bower Stevenson, LLC
>2515 Jay Avenue, Suite 101
>Cleveland, OH 44113
>Tel: (216) 600-8169
>justin@bowerstevenson.com
>
>Paul L. LaSalle, Esq.
>Lynch Lynch Held Rosenberg, P.C.
>440 State Route 17 North
>Hasbrouck Heights, NJ 07604
>Tel: (201) 288-2022
>Fax: (201) 649-7479
>plasalle@lynchlawyers.com
>
>*Attorneys for Plaintiff Royal Abode, LLC*

>*/s/ Katheryn M. Lloyd*
>*One of the Attorneys for Defendant*
>*Hartford Underwriters Insurance Company*